IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MARK ANTHONY MANFRED, JR,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No: 5:16-cv-00092 |
| | : | |
| **OFFICER GILLIAM,** *et. al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| **Defendants.** | : | Before the U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Mark Anthony Manfred, an inmate currently confined at Wilcox State Prison in Abbeville, Georgia, has filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Doc. 1. The present action arises out of Plaintiff's confinement at Wilcox State Prison. Doc. 1. In his Complaint, Plaintiff alleges that on February 9, 2016, Defendants Officers Gill and Walker choked and punched him without cause or provocation. Plaintiff filed an administrative grievance at the prison, and the matter has been referred to internal affairs. Because this administrative response is non-appealable, Plaintiff has now filed the present action against Defendants Gill and Walker for their alleged use of excessive force in violation of the Eighth Amendment.

On June 3, 2016, Defendants filed a Motion to Dismiss for abuse of process. Doc. 18. Defendants request that Plaintiff's case be dismissed "as a sanction for Plaintiff's dishonesty in his complaint." Doc. 18-1, p. 1. Defendants assert that Plaintiff failed to provide complete and truthful answers regarding his litigation history in his initial Complaint. A review of Plaintiff's Complaint reveals that while he answered "No" to a series of questions regarding prior lawsuits, Plaintiff has in fact filed two prior lawsuits in federal court: one in the Northern District of Georgia (*Manfred v. Everett*, No. 1:04-cv-03223), and one in this District (*Mandred v. Randall*, No. 5:05-cv-248).

Defendants argue that his dishonest answers support a dismissal without prejudice. In response, Plaintiff states that he did not properly understand the question asked, and did not "intentionally or knowingly answer falsely or dishonestly." Doc. 20-1, p. 2.

Dismissal of Plaintiff's Complaint for abuse of judicial process is not appropriate in this situation. Under the PLRA, a district court shall dismiss a case where the Plaintiff is proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). The Eleventh Circuit has consistently upheld dismissal under this provision based on abuse of process when an inmate fails to fully disclose all prior litigation on his civil complaint form. See *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), overruled in part on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); see also *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Under Section 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997). Similarly, where a party knowingly filed a pleading containing false contentions, the court *may* impose various sanctions, including dismissal. Fed. R. Civ. P. 11(c). Whether or not to impose the ultimate sanction of dismissal remains within the sound discretion of the court, depending on whether the court finds that the failure to make the required disclosure is malicious and made in bad faith, thereby warranting dismissal.

There is no evidence of malicious intent on the part of the Plaintiff in not revealing his previous lawsuits. Initially, the Court notes that Plaintiff did not and was not required to sign his Complaint under penalty of perjury. See e.g. Doc. 1. In response to the Defendants' Motion to Dismiss, Plaintiff maintains that his "being a layman, *pro se*" is partly to blame as to why he misconstrued the questions regarding his past lawsuits. Doc. 20–1, p. 2. Plaintiff also points to his confinement in Administrative Segregation as a reason for the mistake, with "no access to

computers," and few resources to "ascertain the names, dates, or case numbers to lawsuits eleven to twelve years old." Cf. *Stephenson v. Warden, Doe,* 554 F. App'x. 835, 837 (11th Cir. 2014). (plaintiff's failure to disclose prior lawsuit was not necessarily malicious, as lawsuit was four years old, plaintiff had disclosed other lawsuits, and suit did not clearly fall into category of suits listed in the question; non-malicious failure to disclose would not support a dismissal with prejudice); *Brown v. McLaughlin*, 2014 WL 1908829 (M.D.Ga.2014) (HL) (a record showing that plaintiff misinterpreted complaint form and was not motivated by maliciousness or intent to deceive does not support dismissal for abuse of process).

## CONCLUSION

The record before the Court does not reveal Plaintiff's bad faith or intentional misstatement of his litigation history. Plaintiff's two cases were filed more than a decade ago, and Plaintiff affirms that he did not intend to intentionally defraud the Court. "In the absence of a finding of bad faith misstatement of assets, litigiousness, or manipulative tactics ... dismissal … is not warranted." *Williams v. Brown,* 347 F. App'x. 429, 434 (11th Cir. 2009). Accordingly, it is **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 18) be **DENIED**.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for

failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 15th day of July, 2016.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge
